ACCEPTED
02-17-00384-cv
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
12/20/2017 10:43 AM
DEBRA SPISAK
CLERK

No. 02-17-00384-CV

In the Second District Court of Appeals
Fort Worth, Texas

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
12/20/2017 10:43:16 AM
DEBRA SPISAK
Clerk

THE CITY OF EL PASO, TEXAS,
*Appellant,*

v.

MAX GROSSMAN,
*Appellee.*

On Interlocutory Appeal from the 348th Judicial District Court of El Paso County, Texas
Cause No. 2017DCV2528

REPLY BRIEF OF APPELLANT

Sylvia B. Firth, City Attorney
FirthSB@elpasotexas.gov
Maria Guadalupe Martinez
Senior Assistant City Attorney
MartinezMG@elpasotexas.gov
Sergio M. Estrada
Assistant City Attorney
EstradaSM@elpasotexas.gov
P.O. Box 1890
El Paso, Texas 79950-1890
Telephone: (915) 212-0033
Facsimile: (915) 212-0034

*Additional counsel listed in signature block*

Mark N. Osborn
mark.osborn@kempsmith.com
Shelly W. Rivas
shelly.rivas@kempsmith.com
Kemp Smith LLP
221 N. Kansas, Suite 1700
El Paso, Texas 79901
Telephone: (915) 533-4424
Facsimile (915) 546-5360

Wallace B. Jefferson
State Bar No. 00000019
wjefferson@adjtlaw.com
ALEXANDER DUBOSE JEFFERSON & TOWNSEND LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562
Telephone: (512) 482-9300

ATTORNEYS FOR APPELLANT
ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

Table of Contents ............................................................................................... 2

Index of Authorities ......................................................................................... 3

Response to Statement of Facts ........................................................................ 5

Summary of Argument ...................................................................................... 7

Argument............................................................................................................. 8

    I.   The Declaratory Judgment Act does not waive governmental immunity for Grossman's claims. ............................................................ 8

    II.  Because Grossman cannot show a violation or threatened violation of Chapter 191, it does not waive governmental immunity for Grossman's claims................................................................................... 9

        A.  Control of the property at issue is not relevant to determining whether Chapter 191's notice provision has been triggered.......... 9

            1.  The property is privately-owned........................................ 10

            2.  The Commission has rejected Grossman's interpretation.................................................................. 10

            3.  The Attorney General has concluded that land destined to be "public" in the future is not "public land.".............. 11

            4.  "Control" cannot convert private property into public land................................................................................. 12

        B.  Equitable rights in the property also do not trigger Chapter 191's notice provision. ............................................................... 13

Prayer ............................................................................................................... 16

Certificate of Compliance ............................................................................... 18

Certificate of Service ...................................................................................... 18

**Page(s)**

**Cases**

*Atkins v. Carson*,
   467 S.W.2d 495 (Tex. Civ. App.—San Antonio 1971, writ ref'd
   n.r.e.) ...................................................................................................15

*Bexar-Medina-Atascosa Ctys. Water Control and Improvement Dist.*
   *No. 1 v. Bandera Cty. River Auth. and Groundwater Dist.*,
   No. 04-16-00536-CV, 2017 WL 4014703 (Tex. App.—San
   Antonio, Sept. 13, 2017, pet. filed (on other grounds)) (mem. op.)....................8

*Club Corp. of Am. v. Concerned Prop. Owners for April Sound*,
   881 S.W.2d 620 (Tex. App.—Beaumont 1994, writ denied)............................15

*Comerica Acceptance Corp. v. Dallas Cent. Appraisal Dist.*,
   52 S.W.3d 495 (Tex. App.—Dallas 2001, pet. denied) (en banc)................14, 15

*Cty. of El Paso v. Navar*,
   511 S.W.3d 624 (Tex. App.—El Paso, 2015, no pet.) ........................................8

*Harlingen Family Dentistry, P.C. v. Tex. Health & Human Servs.*
   *Comm'n*,
   452 S.W.3d 479 (Tex. App.—Austin 2014, pet. dism'd)..................................12

*Hydroscience Techs., Inc. v. Hydroscience, Inc.*,
   401 S.W.3d 783 (Tex. App.—Dallas 2013, pet. denied)..................................15

*Tarrant Appraisal Dist. v. Moore*,
   845 S.W.2d 820 (Tex. 1993) .........................................................................11

*Tex. Dept. of Transp. v. Sefzik*,
   355 S.W.3d 618 (Tex. 2011) (per curiam) ......................................................7, 8

*Tex. Educ. Agency v. Leeper*,
   893 S.W.2d 432 (Tex. 1994) ...........................................................................8

*Tex. Turnpike Co. v. Dallas Cty.*,
   271 S.W.2d 400 (Tex. 1954) ...........................................................................14

**Statutes**

TEX. NAT. RES. CODE ANN. § 191.094(b) ................................................................5

TEX. NAT. RES. CODE ANN. § 191.173................................................................9

TEX. NAT. RES. CODE ANN. § 191.0525(a) ....................................................9, 10, 13

**Regulations**

13 TEX. ADMIN. CODE § 29.4(25) ....................................................................12, 13

**Other Authorities**

Tex. Att'y Gen. LO-94-076 (1994).................................................................11, 14

The first few pages of Grossman's Statement of Facts, an appeal to sympathy, have no bearing on the primary legal issue—the proper interpretation of Chapter 191. Although the City disputes many of these allegations, it will address three specific fact issues here.

First, Grossman frames this case as an attempt to save allegedly historically significant buildings in Downtown El Paso from demolition under Chapter 191 of the Texas Natural Resources Code, the "Antiquities Code." CR10-12, 22; Br. Appellee at viii, 3-4. But Chapter 191 only requires a city to give the Texas Historical Commission timely notice of plans to build on local public land. The question here is whether the City must notify the Commission when a private owner elects to demolish a building. Even if the City were required to provide such notice, the Commission does not have the power to designate a landmark and halt demolition on private land without the owners' consent. See TEX. NAT. RES. CODE ANN. § 191.094(b) ("No site may be designated on private land without the written consent of the landowner or landowners …"). And because, as Grossman concedes, private owners seek to demolish their own buildings, the Commission has no injunctive power.

Second, the City plans to build a Multi-Purpose Performing Arts and Entertainment Center in Downtown El Paso, as approved by more than 70 percent

of El Paso voters in 2012. CR566, 596, 610. As Grossman notes, there is a bond-validation suit in Austin concerning the construction of the Center. Appellee at 1. In that suit, the trial court affirmed that "[t]he City may lawfully expend proceeds generated from the sale of the Bonds" to construct a "Multi-purpose Performing Arts and Entertainment Facility located in Downtown El Paso…."[1] Many activities will occur in that facility; it will not be designed or built as an exclusively sports venue or arena.

Third, despite Grossman's predictions, none of the properties located within the Center's footprint have a historical designation or registration. CR12, 611, 632. None enjoy any special protection from the Commission or under the Antiquities Code. CR611.

---

[1] Final Judgment, No. D-1-GN-17-001888, Ex Parte City of El Paso, In the 250th Judicial District Court of Travis County, Texas. That Final Judgment is at Appendix Tab 1 to the Brief of Appellant City of El Paso, available at http://www.search.txcourts.gov/Case.aspx?cn=03-17-00566-CV&coa=coa03.

## SUMMARY OF ARGUMENT

The Declaratory Judgment Act does not waive governmental immunity for Grossman's claims. Grossman does not confront the Supreme Court's holding in *Sefzik* that "the UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law." *Tex. Dept. of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (per curiam). Instead, Grossman relies on an earlier opinion that did not answer the question presented here.

The Antiquities Code also does not waive immunity for Grossman's claims. The only part of the Code implicated in this suit is its notice provision. It applies only to public land—that is, land the City owns. In this case, Grossman admits that the buildings at issue are privately owned. Grossman thus argues:

- the notice provision also applies to land "controlled" by the City;

- the City "controls" the land because it has contracts with the private owners to purchase it; and

- therefore, the City must provide the Commission notice before private owners demolish their buildings.

A fundamental flaw in Grossman's logic cannot be overcome: "control" does not trigger the notice provision. Because notice is not required under these undisputed facts, there can be no waiver of governmental immunity.

7

**I.    The Declaratory Judgment Act does not waive governmental immunity for Grossman's claims.**

Grossman's argument for jurisdiction over his declaratory-judgment claims rests solely on *Texas Education Agency v. Leeper*, 893 S.W.2d 432 (Tex. 1994). But *Leeper* did not decide the issue here. None of the governmental entities in *Leeper* raised the issue of governmental immunity under the Declaratory Judgment Act when the plaintiff is not challenging the validity of a statute. *Id.* at 440.

The Supreme Court of Texas resolved the question in a later decision, *Tex. Dept. of Transp. v. Sefzik*, 355 S.W.3d 618, 620 (Tex. 2011). In *Sefzik* the Court held "the UDJA does not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law." *Id.* at 621. The Court explained:

> [T]he state may be a proper party to a declaratory judgment action that challenges the validity of a statute.… But Sefzik is not challenging the validity of a statute; instead he is challenging TxDOT's actions under it, and he does not direct us to any provision of the UDJA that expressly waives immunity for his claim.

*Id.* at 622. Although the City's Brief cited *Sefzik*, Grossman has yet to confront it. *Compare* Br. of Appellant at 9 with Brief of Appellee at 34-35.

Grossman also fails to discuss two subsequent court of appeals decisions confirming that *Sefzik* applies to political subdivisions of the state. *Cty. of El Paso v. Navar*, 511 S.W.3d 624, 634 (Tex. App.—El Paso, 2015, no pet.); *Bexar-Medina-*

*Atascosa Ctys. Water Control and Improvement Dist. No. 1 v. Bandera Cty. River Auth. and Groundwater Dist.*, No. 04-16-00536-CV, 2017 WL 4014703, *2 (Tex. App.—San Antonio, Sept. 13, 2017, pet. filed (on other grounds)) (mem. op.).

Grossman's causes of action under the UDJA should be dismissed for lack of subject matter jurisdiction.

**II.     Because Grossman cannot show a violation or threatened violation of Chapter 191, it does not waive governmental immunity for Grossman's claims.**

Chapter 191's waiver of governmental immunity permits injunctive relief only when there has been a violation or a threatened violation of that chapter. TEX. NAT. RES. CODE ANN. § 191.173 (West 2011). To establish a violation or a threatened violation, Grossman must show that the City, before "breaking ground at a project location on state or local public land" failed to notify the Historical Commission. TEX. NAT. RES. CODE ANN. § 191.0525(a) (West 2011). Without a violation or threatened violation of Chapter 191, as a matter of law, there can be no waiver of governmental immunity.

**A.     Control of the property at issue is not relevant to determining whether Chapter 191's notice provision has been triggered.**

Chapter 191's notice requirement is triggered only when the City plans to demolish a building on land it owns. The City understands that obligation and will comply when that circumstance arises. But Grossman's assertion about "breaking ground" concerns demolition of land by private owners of their private land.

9

Grossman concedes this. CR16-17 (asserting that the City is requiring the sellers to demolish the property).

### 1. The property is privately-owned.

Chapter 191 provides, "[b]efore breaking ground at a project location on state or local public land, the person primarily responsible for the project or the person's agent shall notify the committee." TEX. NAT. RES. CODE ANN. § 191.0525(a). The only alleged "breaking ground" concerns the demolition of buildings on private property by their private owners; hence there is no "breaking ground" planned or occurring on "state or local public land." *Id.* The City has no notice obligation under Chapter 191.

### 2. The Commission has rejected Grossman's interpretation.

With regard to this project, the Texas Historical Commission has itself observed that notice is only required "before breaking ground on public property." RR4 at 5 (Ex. 1); *see also* CR657 (same letter). The Commission has advised the City that no action is currently necessary under Chapter 191 because "[w]e realize that the subject property has not been acquired by the city and that the facility has not been designed yet…." *Id.* Further, Grossman has "invited the Commission to intervene" in his legal proceedings, but it has declined that invitation. CR9, n.1. As the Commission's actions show, there is no threatened violation of the Chapter 191 notice obligation.

The Commission's interpretation is entitled to deference. "Construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute." *Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993).

### 3. The Attorney General has concluded that land destined to be "public" in the future is not "public land."

This interpretation of Chapter 191 has been confirmed by the Texas Attorney General. Tex. Att'y Gen. LO-94-076 (1994) (Appendix to Br. Appellant, Tab 2). In that letter opinion, the Attorney General determined that the Antiquities Code does not permit the Commission to treat land destined in the future to become public land as the equivalent of public land. "There is currently no provision in the Antiquities Code for treating nonpublic land as public land, or for taking into account the fact that such land may become public land in the future." *Id.* at 3. Even land dedicated to become public land does not become subject to the Antiquities Code until it is owned by the state or its political subdivision:

> For the reasons stated above, we conclude that the only public land in a municipal utility district is that land belonging to the district (or the state or some other political subdivision). Therefore, land dedicated to streets and utility lines is subject to the Antiquities Code as public land only if it belongs to the municipal utility district.

*Id.* Even though the private property owners have entered into contracts to sell their property to the City, the property here is not public land under Chapter 191. It will

not become public land until the City has purchased the property and is the owner holding legal title.

### 4. "Control" cannot convert private property into public land.

Relying on an Administrative Code provision, Grossman asserts that the property is public land under Chapter 191 because the City allegedly controls the land through its contracts to purchase the property. Br. Appellee at 18 (citing 13 TEX. ADMIN. CODE § 29.4(25)). Grossman's argument is flawed for several reasons.

First, the Antiquities Code supersedes administrative rules. The Commission's administrative rules must comport with the Antiquities Code and may not exceed the scope of powers expressly granted or necessarily implied by that statute. *See Harlingen Family Dentistry, P.C. v. Tex. Health & Human Servs. Comm'n*, 452 S.W.3d 479, 482 (Tex. App.—Austin 2014, pet. dism'd). Because "public land" under Chapter 191 is limited to land owned by the state or one of its political subdivisions, the Commission's rules cannot expand the authority of the Commission to include authority over land that is not owned by the City, even if it were arguably controlled by the City.

Second, the administrative rule only applies to "non-federal public lands." 13 TEX. ADMIN. CODE § 29.4(25) ("Public lands–means non-federal public lands that are owned or controlled by the State of Texas or any of its political subdivisions…."). Under the rule, the phrase "owned or controlled" modifies the

preceding noun phrase "non-federal public lands." *Id.* Thus, whatever "owned or controlled" means, it applies only to "non-federal public lands," which under Chapter 191 is limited solely to land that is owned, in this instance, by the City.[2] *See* TEX. NAT. RES. CODE ANN. § 191.0525(a). If the title to land is not presently held by the City, as title to the property is not, then the modifying words of the Rule "owned or controlled" have no application to the land. In other words, the administrative rule neither applies here, nor does it trump the plain language of Chapter 191.

Because it is not a basis for the Chapter 191's notice requirement, "control" is not relevant. The fact that the private property owners have entered into contracts to sell their property to the City does not convert their property into is "local public land." The only relevant fact is undisputed—the City does not own the property. Because "public land" as used in Chapter 191 refers solely to land that the City owns, there cannot be a violation or threatened violation of Chapter 191.

## B. Equitable rights in the property also do not trigger Chapter 191's notice provision.

Grossman argues in the alternative that the City's purchase contracts with private owners gives it equitable rights in the property that trigger the notice provision. Br. Appellee at 24-27. This is wrong for the same reasons Grossman's

---

[2] "Owned or controlled" is perhaps intended to make clear that land that is owned by one political entity, but controlled by another, is public land.

argument about control is wrong. Chapter 191's notice provision is triggered only if the City owns the property. Nothing in that statute mentions "equitable" rights. As outlined in the Texas Attorney General opinion, the Antiquities Code does not treat nonpublic land as public land, even if it may later become public land. Tex. Att'y Gen. LO-94-076 (1994) at 3. Land must be owned by the City before Chapter 191 applies.

Additionally, Grossman's primary authority does not support his argument. Grossman relies on a court of appeals' interpretation of the term "owner," as used in the Tax Code. Br. Appellee at 25 (citing *Comerica Acceptance Corp. v. Dallas Cent. Appraisal Dist.*, 52 S.W.3d 495, 497 (Tex. App.—Dallas 2001, pet. denied) (en banc)). In that case, the court held that a lienholder *did not* have an equitable interest sufficient to qualify as an owner. 52 S.W.3d at 497. And here the City's relationship to the properties is far less involved than the lienholder in *Comerica.* The City does not hold a lien interest; it is only a potential buyer of the properties under contingent contracts for sale.

A buyer under a contract of sale has at "most a right to become the owner of the legal title under certain conditions. Its interest in the property is not a vested interest, [but] purely contingent." *Tex. Turnpike Co. v. Dallas Cty.*, 271 S.W.2d 400, 478 (Tex. 1954). Thus, the City holds at most a contingent interest in the property, not equitable title as Grossman asserts.

14

Grossman also asserts that a purchaser can obtain an equitable right to property before the purchase price has been paid. Br. Appellee at 26 (citing *Atkins v. Carson,* 467 S.W.2d 495, 500 (Tex. Civ. App.—San Antonio 1971, writ ref'd n.r.e.)). But that decision recognized that a purchaser obtains equitable title only when he has "fully performed under the contract." 467 S.W.2d at 500. "Only after the purchase price has been paid and the purchaser has acquired equitable title may he bring an action" against the seller to obtain title to the property. *Id.*at 501. Other courts have recognized that, only after the purchase price has been paid does a purchaser have the "present right to compel legal title." *Hydroscience Techs., Inc. v. Hydroscience, Inc.,* 401 S.W.3d 783, 801 (Tex. App.—Dallas 2013, pet. denied). Mere execution of an agreement between parties conveys neither equitable nor legal title. *Club Corp. of Am. v. Concerned Prop. Owners for April Sound*, 881 S.W.2d 620 (Tex. App.—Beaumont 1994, writ denied).

The anticipated sales here have not occurred, and the private property owners have not been paid. The City has neither legal nor equitable title, nor even an equitable right to acquire legal title to the property, and therefore is not an owner. *Comerica Acceptance Corp. v. Dallas Cent. Appraisal Dist.*, 52 S.W.3d 495, 497 (Tex. App.—Dallas 2001, pet. denied) (An owner of property means a "person or entity holding legal title to the property, or holding an equitable right to obtain legal title to the property.").

Because Grossman's pleadings establish that there is no threatened demolition on public property—property owned by the City—there is no violation or threatened violation of Chapter 191. There is no waiver of governmental immunity and the trial court lacked jurisdiction over Grossman's claims.

## PRAYER

The City prays that the Court reverse the trial court's denial of the City's plea to the jurisdiction and render judgment that Grossman's suit be dismissed.

Respectfully submitted,

/s/Mark N. Osborn

Sylvia B. Firth, City Attorney
FirthSB@elpasotexas.gov
Maria Guadalupe Martinez
Senior Assistant City Attorney
MartinezMG@elpasotexas.gov
Sergio M. Estrada
Assistant City Attorney
EstradaSM@elpasotexas.gov
P.O. Box 1890
El Paso, Texas 79950-1890
Telephone: (915) 212-0033
Facsimile: (915) 212-0034

Mark N. Osborn
mark.osborn@kempsmith.com
Shelly W. Rivas
shelly.rivas@kempsmith.com
Kemp Smith LLP
221 N. Kansas, Suite 1700
El Paso, Texas 79901
Telephone: (915) 533-4424
Facsimile (915) 546-5360

Wallace B. Jefferson
State Bar No. 00000019
wjefferson@adjtlaw.com
ALEXANDER DUBOSE
JEFFERSON & TOWNSEND LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562
Telephone: (512) 482-9300
Facsimile: (512) 482-9303

Robert B. Dubose
State Bar No. 00787396
rdubose@adjtlaw.com
ALEXANDER DUBOSE
JEFFERSON & TOWNSEND LLP
1844 Harvard Street
Houston, Texas 77008
Telephone: (713) 523-2358
Facsimile: (713) 522-4553

**ATTORNEYS FOR APPELLANT**

17

## CERTIFICATE OF COMPLIANCE

Based on a word count run in Microsoft Word 2016, this brief contains 2,658 words, excluding the portions of the brief exempt from the word count under Texas Rule of Appellate Procedure 9.4(i)(1).

/s/Mark N. Osborn
Mark N. Osborn

## CERTIFICATE OF SERVICE

On December 20, 2017, I electronically filed this Reply Brief of Appellant with the Clerk of Court using the eFile.TXCourts.gov electronic filing system which will send notification of such filing to the following:

Lisa Bowlin Hobbs
KUHN HOBBS PLLC
3307 Northland Drive, Suite 310
Austin, Texas 78731
Lisa@KuhnHobbs.com

Harriet O'Neill
LAW OFFICE OF HARRIET O'NEILL, PC
919 Congress Avenue, Suite 1400
Austin, Texas 78701
HONeill@harrietoneilllaw.com

Karlene Poll
KUHN HOBBS PLLC
2310 Rutland Street
Houston, Texas 77008
Karlene@KuhnHobbs.com

Francis S. Ainsa, Jr.
AINSA HUTSON HESTER & CREWS LLP
5809 Acacia Circle
El Paso, Texas 79912
fain@acaciapark.com

/s/Mark N. Osborn
Mark N. Osborn